**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JUDITH GENTILE,

    Plaintiff,

v.                                          CASE NO. 3:08-cv-1050-J-TEM

MICHAEL J. ASTRUE, Commissioner
of Social Security,

    Defendant.
_____

## ORDER AND OPINION

This cause is before the Court on Plaintiff's complaint (Doc. #1) seeking review of the final decision of the Commissioner of the Social Security Administration ("the Commissioner") denying Plaintiff's claim for Period of Disability and Disability Insurance Benefits ("DIB"). Plaintiff filed a legal brief in opposition to the Commissioner's decision (Doc. #9). Defendant filed a brief in support of the decision to deny disability benefits (Doc. #12). The Commissioner has filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number).

The undersigned has reviewed and given due consideration to the record in its entirety, including the parties' arguments presented in their briefs and the materials provided in the transcript of the underlying proceedings. Upon review of the record, the undersigned found the issues raised by Plaintiff were fully briefed and determined oral argument would not benefit the undersigned in making his determinations.

Accordingly, the instant matter has been decided on the written record. For the reasons set out herein, **the Commissioner's decision is REVERSED and REMANDED**.

## I. Procedural History

On August 26, 2004, Plaintiff Judith Gentile filed an application for DIB (Tr. 56). Her claim was denied initially and a hearing was held before Administrative Law Judge ("ALJ") Stephen C. Calvarese on October 3, 2006 (Tr. 482-514). The ALJ issued an unfavorable decision on March 21, 2007 (Tr. 11-21). The Appeals Council affirmed the decision of the ALJ, making it the final decision of the Commissioner (Tr. 4). Plaintiff now appeals, and the matter is ripe for review pursuant to the provisions of the Social Security Act, 42 U.S.C. § 405(g).

## II. Standard of Review

A plaintiff is entitled to disability benefits under the Social Security Act if he or she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c (a)(3)(A).

The Commissioner has established a five-step sequential evaluation process for determining whether a plaintiff is disabled and therefore entitled to benefits. *See* 20 C.F.R. § 404.1520(a)(4)(i-v);[1] *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997). Plaintiff bears the burden of persuasion through Step 4, while at Step 5 the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). The scope of this Court's review is generally limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence. *See also Richardson v. Perales*, 402 U.S.

---

[1] All references made to 20 C.F.R. will be to the 2009 edition unless otherwise specified.

389, 390 (1971).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is defined as more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982)).

Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The Commissioner must apply the correct law and demonstrate that he has done so. While the Court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of HHS*, 21 F.3d 1064, 1066 (11th Cir. 1994) (*citing Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the reviewing court must not re-weigh the evidence, but must determine whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the plaintiff is not disabled. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

As in all Social Security disability cases, Plaintiff bears the ultimate burden of proving disability, and is responsible for furnishing or identifying medical and other evidence regarding his or her impairments. *Bowen*, 482 U.S. at 146 n.5; *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991); *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); 42 U.S.C. § 423(d)(5) ("An individual shall not be considered to be under a disability unless he [or she] furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require"). It is a plaintiff's burden to provide the relevant medical and other evidence that he or she believes will prove disabling physical or mental functional limitations. 20 C.F.R. § 404.704.

### III. Statement of the Facts

Plaintiff was fifty-nine years old on the date of the hearing, and possesses a high school education (Tr. 486). From 1979 until January 9, 2003, Plaintiff worked as a postal clerk for the United States Post Office (Tr. 486-88). In February 2002, plaintiff injured her back on the job while moving a heavy package (Tr. 488, 490). Despite her injury, however, Plaintiff was able to continue working "light duty" until her treating physician placed her on temporary total disability in January 2003 (Tr. 488-90).[2] In her disability report, Plaintiff stated she is disabled due to pain in her neck, lower back, hips, and knees (Tr. 76). At the hearing, Plaintiff testified that she experiences pain every day, typically at a level of a 3 or 4 on a scale of 1 through 10 (Tr. 494). She stated that she primarily takes over-the-counter

---

[2]Plaintiff's treating physician apparently placed Plaintiff on temporary total disability because she did "not receive requested treatment," and because her employer allegedly would not honor his work restrictions (Tr. 122, 491).

4

medication to relieve her pain; however, if the pain escalates to a level 7 or 8, she will take Darvocet (Tr. 495).

Pursuant to her aforementioned work injury, an MRI was taken of Plaintiff's back on February 22, 2002 (Tr. 120-21). The results of this MRI showed bulging discs impinging the thecal sac at T11-12 and L1-2, a bulging disc at L3-4, bulging of the annulus fibrosus at L4-5 with mild foraminal narrowing, and a centrally protruding disc at L5-S1, effacing the thecal sac centrally (Tr. 121).

In June 2002, Terry W. Kuhlwein, M.D. ("Dr. Kuhlwein"), Plaintiff's treating physician, advised Plaintiff to alternate sitting and standing and not to lift, push, or pull anything weighing more than 10 pounds (Tr. 126). In October 2002, Dr. Kuhlwein determined that Plaintiff could resume "light duty" work, full time (Tr. 125). Dr. Kuhlwein's last treatment note, dated January 9, 2003, however, placed Plaintiff on temporary total disability "until follow up" with an orthopedic spine specialist since her pain was "getting worse" (Tr. 122). Plaintiff testified that she was evaluated by orthopedic surgeon, Howard P. Hogshead, M.D. ("Dr. Hogshead"); however, he apparently indicated that surgery was not an option for her (Tr. 490).[3]

On February 7, 2005, Plaintiff underwent a consultative examination by Hung V. Tran, M.D. ("Dr. Tran") (Tr. 145-52). Dr. Tran's examination revealed pain but no loss of motion in Plaintiff's lumbar spine, an inability to lift 20 pounds, and decreased grip strength (Tr. 147). Dr. Tran noted that Plaintiff had no trouble getting on or off of the exam room table, or getting in and out of the exam room chair (Tr. 146). He also found Plaintiff's gait,

---

[3]The notes from Dr. Hogshead are not in the record.

5

along with the movement of her upper and lower extremities, was normal with no numbness or loss of range of motion (Tr. 146-47, 150-51). Dr. Tran's impression was that Plaintiff had no abnormal physical findings, and he attributed the unexplained weakness in Plaintiff's hands (her decreased grip strength, *supra*) to a lack of effort since she was able to use both hands to pick up her belongings and to open the door "without trouble" (Tr. 148). Dr. Tran's diagnosis was depression and old back injury (Tr. 147).

On March 1, 2005, Plaintiff submitted to a physical residual functional capacity ("RFC") evaluation (Tr. 168-75). The individual[4] who administered this evaluation determined that Plaintiff could lift or carry ten pounds frequently and twenty pounds occasionally, sit and stand/walk with normal breaks for about six hours each in an eight-hour workday, and push or pull objects with no restrictions (Tr. 169). This individual further found Plaintiff's allegations to be only partially credible because, "[the] objective evidence does not support the c[laimant's] claims at this time" (Tr. 170).

On April 27, 2005, Plaintiff, complaining of pain in her right heel, visited a podiatrist, Daryl Makoff, M.D. ("Dr. Makoff"), who diagnosed Plaintiff with a minimal plantar calcaneal spur and plantar fasititis of the right foot (Tr. 271-73).

On May 19, 2005, a physical residual functional capacity assessment was conducted by state agency medical consultant, Eric Puestow, M.D. ("Dr. Puestow") (Tr. 205-12). After reviewing Plaintiff's medical records, Dr. Puestow determined Plaintiff was capable of

---

[4]The name of the single decision maker ("SDM") listed for this RFC evaluation is illegible (Tr. 175).

performing the demands of light work (*see* Tr. 206).[5] Dr. Puestow also found Plaintiff's weak grip strength had "no objective correlate," and that her allegations of pain and dysfunction exceeded his findings (Tr. 206, 210).[6]

On August 9, 2005, Plaintiff was fitted with bilateral foot orthotics (Tr. 263). On September 13, 2005, Plaintiff returned to Dr. Makoff and reported that her heel pain had worsened (Tr. 270). Dr. Makoff treated Plaintiff with an injection (Tr. 270). On March 29, 2006, Dr. Makoff submitted answers to a medical questionnaire regarding Plaintiff's physical ability to do work related activities, wherein he assessed various work limitations due to Plaintiff's foot conditions (Tr. 266). More particularly, Dr. Makoff noted Plaintiff's ability to lift, carry, sit, walk, stand, climb, balance, stoop, crouch, and kneel were affected by her foot pain (Tr. 266-68). Dr. Makoff further noted that Plaintiff would occasionally have symptoms of foot pain severe enough to interfere with her attention and concentration (Tr. 268). Additionally, Dr. Makoff stated that, due to her foot pain, Plaintiff would sometimes need to take unscheduled breaks during an eight-hour workday (Tr. 269).

In his decision, the ALJ found Plaintiff suffers from the following severe impairments: degenerative disc disease, obesity, high blood pressure, acid reflux, and hypocholesterolemia (Tr. 16).

---

[5]Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. § 404.1567(b).

[6]It should be noted that it is unclear whether Dr. Puestow reviewed the medical records related to Plaintiff's April 27, 2005 visit to Dr. Makoff, which occurred less than one month prior to Dr. Puestow's physical RFC assessment (*see* Tr. 205-12, 271-73).

At the hearing, the ALJ posed three hypothetical questions to Vocational Expert Dee Dee Locasio (the "VE") (Tr. 511-13). The limitations in the first hypothetical mirrored the limitations of the ALJ's ultimate RFC finding (*see* Tr. 16-17; 511-12). Specifically, the ALJ asked the vocational expert to assume an individual that could occasionally lift twenty pounds and frequently lift ten pounds; stand, walk, or sit for six hours each during an eight-hour workday; and occasionally recline, balance, stoop, kneel, crouch, and crawl (*i.e.* that the hypothetical individual is capable of light work) (Tr. 511). In the second hypothetical, the ALJ included the limitations attributed by Plaintiff's podiatrist, Dr. Makoff (Tr. 512). In response, the VE stated that there would be no jobs in the national economy that Plaintiff could perform due to a need for unscheduled breaks and a diminishment of attention and concentration (Tr. 512-13). The third hypothetical asked the VE to assume all of Plaintiff's testimony was fully credible and 100 percent accurate (Tr. 512-13), to which the VE also responded that there would be no jobs in the national economy that Plaintiff could perform (Tr. 513).

The ALJ relied on the testimony from the vocational expert and found that, based on the VE's answer to the first hypothetical, Plaintiff was not disabled at Step 4 of the sequential evaluation process (Tr. 20). Specifically, the ALJ determined that, despite her limitations, Plaintiff could perform her past work as a postal clerk, as generally performed in the national economy (Tr. 20). As an alternative ruling, the ALJ proceeded to Step 5 of the sequential evaluation process and found that, even if Plaintiff could not perform her past relevant work as a mail room clerk, there are significant other light and sedentary jobs that Plaintiff can perform despite her limitations, such as a sorter, button reclaimer, or codification clerk (Tr. 20).

**IV. Analysis**

Plaintiff argues the ALJ erred by not fully and fairly evaluating all the medical evidence of record, and by not including all of her limitations in the hypothetical question relied upon in making his determination of non-disability (Doc. #9 at 6, 8). Specifically, Plaintiff contends the ALJ failed to fully and fairly evaluate all the medical evidence of record because he did not consider the limitations assessed by her treating podiatrist, Dr. Makoff (Doc. #9 at 8-10). Plaintiff maintains the ALJ's failure to consider her foot limitations was especially significant since the VE testified that with the limitations provided by Dr. Makoff, Plaintiff would not be able to perform any jobs in the national economy (Doc. #9 at 10). The undersigned finds this argument persuasive.

Substantial weight must be given to the opinion, diagnosis, and medical evidence of a treating physician unless there is good cause to do otherwise. *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *Edwards v. Sullivan*, 937 F.2d at 583. A treating physician's report, however, may be discounted when it is not accompanied by objective medical evidence or is wholly conclusory. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004). The Eleventh Circuit has concluded "good cause" exists when a treating physician's opinion is not bolstered by the evidence, is contrary to the evidence, or when the treating physician's opinion is inconsistent with his or her own medical records. *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004). If an ALJ elects to disregard the medical opinion of a treating physician, he or she must clearly articulate the reasons for so doing. *Id.*

Here, the ALJ did not articulate any reasons for disregarding Dr. Makoff's opinion that Plaintiff would have occasional problems maintaining attention and concentrating due

9

to her foot pain, and would sometimes need to take unscheduled breaks (*see* Tr. 268-69) —he simply ignored this evidence. An ALJ cannot pick and choose from the evidence in order to support his conclusions. *See Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004) ("[t]he ALJ is not entitled to pick and choose from a medical opinion, using only those parts that are favorable to a finding of nondisability") (citing *Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984)); *see also Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975) (an ALJ is not permitted to reach a conclusion "simply by isolating a specific quantum of supporting evidence").

Further, when the Commissioner utilizes the services of a VE, the hypothetical question posed by the ALJ must encompass all of the impairments of the particular plaintiff. *Pendley v. Heckler*, 767 F.2d 1561, 1562 (11th Cir. 1985). Nevertheless, an ALJ is not required to rely on answers given by the VE to a hypothetical question that includes unsupported opinions or allegations. *Graham v. Bowen*, 790 F.2d 1572, 1576 (11th Cir. 1986). Nor does an ALJ have to ask a hypothetical question with respect to pain limitations that the ALJ has found were not supported by the record. *See Crawford*, 363 F.3d at 1161.

In this instance, however, the ALJ made no findings with respect to whether Dr. Makoff's opinion was unsupported by the evidence or inconsistent with his own medical records. When noting Dr. Makoff's assessment of Plaintiff's work-related limitations in the body of his decision, the ALJ merely stated:

> Dr. Makoff opined that the claimant's ability to lift/carry, walk, stand, climb, balance, stoop, crouch and kneel was affected by the heel spur. Dr. Makoff determined that the claimant's ability to sit, crawl, and use her hands were not affected by the heel spur.

(Tr. 19).

This is the extent of the ALJ's discussion regarding Dr. Makoff's assessment of Plaintiff's limitations that stem from her foot conditions. Dr. Makoff's opinion concerning possible diminishment in attention and concentration and need for unscheduled breaks due to Plaintiff's foot pain is omitted from the body of the ALJ's decision. The Court finds this omission unacceptable, especially in light of the fact the VE testified that with the noted limitations Plaintiff would not be capable of performing any work in the national or regional economy (Tr. 512-13).

In addition, it is noteworthy that the ALJ did not even list Plaintiff's heel spur or diagnosis of plantar fasititis as severe impairments at Step 2 of the sequential evaluation process. "An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986); *see also* 20 C.F.R. § 404.1521(b).

Here, Plaintiff has been diagnosed with various foot conditions and has been treated by a podiatrist, who submitted opinion evidence regarding Plaintiff's work related limitations that stem from her foot conditions. The ALJ did not even attempt to discount Dr. Makoff's opinion. The ALJ's implicit determination to not give Dr. Makoff's opinion any weight was not done in accordance with the laws of this Circuit. If the ALJ finds reason to disregard the opinion of a treating or examining physician, he must provide specific reasons for doing so, and the reasons must be supported by substantial evidence in the record. *See Lewis,* 125 F.3d at 1440-41*; Sharfarz v. Bowen*, 825 F.2d 278, 279-81 (11th Cir. 1987). Although there may have been good cause to discount Dr. Makoff's opinion (especially in light of the fact that, contrary to Plaintiff's assertion that she had been seen by Dr. Makoff for two (2)

years, the record reveals treatment for only a six (6) month period of time) (*see* Doc. #9 at 10; Tr. 181, 270-71). In addition, Plaintiff's own testimony does not necessarily support her assertion that her foot impairments are disabling (*see* Tr. 492-508). Nevertheless, the ALJ should have addressed these issues—particularly in light of the VE's testimony. As noted above, however, this was simply not done in this instance. Accordingly, the decision of the Commissioner cannot be affirmed.

## V. Conclusion

For the foregoing reasons, the Court finds the decision of the Commissioner is neither supported by substantial evidence, nor decided according to proper legal standards. Accordingly, the Commissioner's decision is hereby **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

Plaintiff is cautioned, however, that this opinion does not suggest Plaintiff is entitled to disability benefits. Rather, it speaks only to the process the ALJ must engage in and the findings and analysis the ALJ must make before determining whether Plaintiff is disabled within the meaning of the Social Security Act. *Phillips*, 357 F.3d at 1244.

Upon remand, the Commissioner shall re-evaluate Plaintiff in accordance with the applicable Regulations and prevailing case law. The additional proceedings, should include, but are not limited to: assessment of the severity of all of Plaintiff's medically determinable impairments and, in light thereof, re-assessment of Plaintiff's RFC; consideration of the opinions of Plaintiff's examining and treating medical sources (including Dr. Makoff's opinion); consideration of the opinions of non-examining medical

sources; re-evaluation of Plaintiff's subjective complaints of pain; and, if warranted, obtain additional vocational expert testimony.

## VI. Directions as to Judgment

The Clerk of Court is directed to enter judgment consistent with this Order and Opinion and, thereafter, to close the file. The judgment shall state that if Plaintiff were to ultimately prevail in this case upon remand to the Social Security Administration, any motion for attorney fees under 42 U.S.C. § 406(b) must be filed within fourteen (14) days of the Commissioner's final decision to award benefits. *See* Fed. R. Civ. P. 54(d)(2)(B); M.D. Fla. Loc. R. 4.18(a); *Bergen v. Commissioner of Social Security*, 454 F.3d 1273, 1278 (11th Cir. 2006).

**DONE AND ORDERED** at Jacksonville, Florida this 29th day of March, 2010.

Copies to all counsel of record

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge