UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JUDITH GENTILE,

    Plaintiff,

v.                                                            CASE NO. 3:08-cv-1050-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## **O R D E R**

This matter is before the Court on Plaintiff's Motion for Attorney's Fees (Doc. #15, Motion). In the Motion, Plaintiff requests the fee award pursuant to 42 U.S.C. 2412(d) or the Equal Access to Justice Act ("EAJA") (Doc. #15 at 1). Plaintiff requests an award of $4,245.69 in attorney fees sought by Plaintiff's counsel payable out of the judgment fund (Doc. #15 at 1). Defendant filed a Response to Plaintiff's Motion for Attorney's Fees, in which Defendant states he has "no objection to the payment of $4,189.43" (Doc. # 16 at 1). The discrepancy between the amount of fees requested by Plaintiff and that not opposed to by Defendant is $56.26. Plaintiff contends that an attempt was made to confer with Defendant regarding Plaintiff's Motion for Attorney's Fees; however, Plaintiff received no response from Defendant before the filing of Plaintiff's Motion (Doc. #15 at 3).[1]

---

[1] Local Rule 3.01(g) requires a moving party to **confer** with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and to file certifying statement with the Court that said communication has taken place. Counsel is cautioned that failure to follow the dictates of the Local Rules in the future may result in motions being stricken from the record and returned. M.D. Fla. Loc. R. 3.01(g)

Based upon the Motion and information contained within the record, the Court makes the following legal and factual findings:

1. Attorney fees are authorized in this action because Plaintiff, having obtained a sentence four remand/reversal denial of benefits, is a "prevailing party," *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993), the Commissioner failed to apply the proper legal standards in evaluating the case, thus his position here was not substantially justified. Moreover, Plaintiff filed a timely application for attorney fees and had a net worth of less than $2,000,000.00 at the time the complaint was filed, and there are no special circumstances which would make the award unjust. *See* 28 U.S.C. § 2412(D); *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).

2. The amount of attorney fees to be awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished," except that attorney fees shall not exceed $125.00 per hour unless the Court determines that an increase in the cost of living or a "special factor" justifies a higher fee award. 28 U.S.C. § 2412(D)(2)(A). The awarded fee may not exceed twenty-five percent of the claimant's past due benefits. 42 U.S.C. § 406(b)(1)(A). There is no contention here that the claimed fee would exceed that amount.

It has been recognized that the EAJA allows for an adjustment due to changes in the cost of living, though such an increase is not absolutely required. *Barber v. Sullivan*, 751 F. Supp. 1542, 1544 (S.D. Ga. 1990) (citing *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988). *Baker* is also cited for the proposition that attorney fee increases do not necessarily have to follow the Cost of Living Index for a specific geographical area and that the decision as to whether attorney fees shall exceed the statutory cap rests entirely within

the Court's discretion. *Id.* Plaintiff's counsel requests an enhancement of the statutory fee rate of $125.00 per hour based upon the cost of living increases since Congress set the amount in March 1996 as part of the Contract with America Advancement Act of 1996, Pub. L. No. 104-121, §§ 231-33 as codified in 28 U.S.C. § 2412(D)(2)(A).

Plaintiff's counsel argues that the statutory cap of $125.00 should be raised to $174.72 per hour for services provided in 2008, 2009, and 2010. The Court has determined that a hourly rate of $174.72 per hour minimally exceeds an amount that is reasonable when factoring in the Consumer Price Index as a guide for an attorney in Jacksonville, Florida, to be compensated under the EAJA.[2]

4. Thus, the Court thus finds $4,245.69 ($174.72 x 24.3 hours) minimally exceeds a reasonable fee in this case.

6. Defendant's Response to Plaintiff's Motion for Attorney's Fees indicates that the Defendant has no objection to a payment of $4,189.43 (Doc. #16 at 2).

Based on the foregoing, it is hereby **ORDERED**:

1. Plaintiff's Motion for Attorney's Fees (Doc. #15) is **GRANTED** in part and **DENIED** in part.

2. The Clerk shall enter judgment in favor of Plaintiff and against Defendant in the amount of $4,189.43 for attorney fees.

3. Assuming Plaintiff does not owe any monies subject to offset by the

---

[2]The Court arrived at its conclusions by visiting the following website: http://data.bls.gov/cgi-bin/cpicalc.pl (last visited July 20, 2010). The Court notes the $125.00 hourly rate, when adjusted for inflation for the year 2008 equates to $171.53 per hour, in 2009 it calculates to $170.92 per hour, and in 2010 it equals $173.68 per hour. Because Plaintiff's requested amount for each year minimally exceeds the figure in the Consumer Price Index online, the Court will accept the amount agreed to by Defendant ($4,189.43) in this instance.

government, the request that the Court direct the payment of the fees be made to L. Jack Gibney, Esquire is **GRANTED**.[3]

**DONE AND ORDERED** at Jacksonville, Florida this 20th day of July, 2010.

Copies to all counsel of record

THOMAS E. MORRIS
United States Magistrate Judge

---

[3] Plaintiff assigned her EAJA fee award to her counsel (Doc. #15 at 11).